**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 14 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    14-35581 |
| Plaintiff-Appellee, | D.C. Nos.    3:11-cv-01179-SI |
| v. | 3:11-cv-01424-SI |
| VARIOUS GOLD, SILVER AND COINS, in rem; UP TO $550,542.07 IN FUNDS LOCATED IN US BANK ACCOUNT ENDING IN 5114, in rem; UP TO $98,854.52 IN FUNDS LOCATED IN KEY BANK ACCOUNT ENDING IN 4138, in rem; UP TO $579,181.19 IN FUNDS LOCATED IN US BANK ACCOUNT ENDING IN 0109, in rem; UP TO $10,000.00 IN FUNDS LOCATED IN US BANK ACCOUNT ENDING IN 7613, in rem, | MEMORANDUM* |
| Defendants, | |
|  and | |
| JAMES G. COLE, an individual; JAMES G. COLE, INC., a corporation; SONICLIFE.COM, LLC, a limited liability company, FKA Sonic Health Systems, LLC, | |

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted November 9, 2016[**]
Portland, Oregon

Before: McKEOWN, W. FLETCHER, and FISHER, Circuit Judges.

James G. Cole, James G. Cole, Inc., and Soniclife.com, LLC (collectively "Cole") appeal from the district court's denial of their motion for new trial after a jury found in favor of the government in this civil in rem forfeiture action for mail and wire fraud. We have jurisdiction under 28 U.S.C. § 1291, and we review for abuse of discretion the district court's denial of the motion for a new trial. *Janes v. Wal-Mart Stores Inc.*, 279 F.3d 883, 886 (9th Cir. 2002). Evidentiary rulings are similarly reviewed for abuse of discretion and require a showing of prejudice for reversal. *Id.* We affirm.

The district court did not abuse its discretion in excluding Trial Exhibit 261 because the exhibit risked confusing the issues at trial. Fed. R. Evid. 403. The decision of Cole's employee, Mr. George, in 2004 to decline to manufacture illegal

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

drugs goes beyond rebutting the government's theory of fraud. Further, Cole was otherwise permitted to testify as to his belief that he did not need to disclose the prior conviction because Mr. George had reformed.

Although Dr. Brueggemeyer's testimony about the FDA's scientific testing probably qualifies as expert testimony, *see* Fed. R. Evid. 701 advisory committee's note, any error in admitting it as lay testimony was harmless. Cole already had notice of the government's analogue-drug theory through the expert report and trial testimony of the government's timely disclosed expert witness, Dr. Hilmas. Cole chose not to call a rebuttal expert to respond to Dr. Hilmas. Dr. Brueggemeyer's testimony stayed within the bounds of what the government said he would testify to as a lay witness, and Cole deposed him before trial. Cole has not shown that affording the Rule 26 protections likely would have changed the verdict. *See United States v. Figueroa-Lopez*, 125 F.3d 1241, 1247 (9th Cir. 1997).

The government also presented several other fraud theories and supporting evidence. The district court appropriately acted within its discretion in concluding that, even if there were error on the grounds identified by Cole, a new trial was not warranted because the trial was fair and the jury verdict was not against the weight of the evidence. *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007).

**AFFIRMED.**